(85 South. 437)

### RICE v. STATE. (1 Div. 125.)

(Supreme Court of Alabama. Feb. 12, 1920.)

**1. Criminal law ⬅⬆881(2)—General verdict of conviction held to respond to issues raised by pleas of not guilty.**

When the jury in a capital case decides both the issues raised by pleas of not guilty and not guilty by reason of insanity against the defendant, a general verdict of conviction amply responds to both issues, in view of Code 1907, § 7177.

**2. Criminal law ⬅⬆824(4)—No complaint as to failure to instruct after announcing satisfaction with charge.**

Defendant cannot complain of failure to instruct concerning his special plea of not guilty by reason of insanity, where his counsel announced his satisfaction with the court's oral charge omitting any reference thereto; no special charges being requested thereon.

**3. Criminal law ⬅⬆814(10)—Special charge on plea of insanity properly refused in absence of evidence.**

Court may properly refuse to give a special charge concerning a special plea of not guilty by reason of insanity where there is no evidence to sustain it.

**4. Criminal law ⬅⬆740—Evidence held insufficient to take to jury issue as to insanity.**

Evidence that defendant played around with children could do no more than show that he was of low and childish mentality and disposition, and, standing alone, was insufficient to take to the jury the issue as to alleged insanity.

**5. Criminal law ⬅⬆331—Burden of showing insanity on defendant.**

Where a plea of insanity is filed, the burden of proof rests on defendant on such issue, under Code 1907, § 7175.

**6. Criminal law ⬅⬆522(2)—Confession obtained by threat to leave to lynchers inadmissible.**

A confession obtained by a sheriff by telling defendant that he would leave him to men who had threatened to kill him unless he told the truth would not be admissible in evidence.

**7. Criminal law ⬅⬆736(2) — Admissibility of confession, question for court on consideration of all evidence.**

Admissibility of a confession in a criminal prosecution is a question for the court on consideration of all the evidence admitted in relation thereto, subject to review on appeal on proper exception reserved.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Criminal law ⚖➡519(3)—Confession as to hiding place of money accompanied by finding it admissible.**

A part of a confession wherein defendant in a robbery case stated to the sheriff where a part of the fruits of his crime could be found in the woods, where he went, and pointed out the place where the money was found along with defendant's coat and a pistol, was admissible without regard to its voluntary character.

**9. Robbery ⚖➡9—Taking property from presence of person constitutes crime.**

Taking property from the presence of a person and under his direct physical personal control is the equivalent of taking from his person.

**10. Robbery ⚖➡24(2)—Evidence held to show intention to take money in pocket of coat taken.**

Where defendant shot complaining witness twice through the body with a pistol and took his coat which lay beside him and carried it away, *held*, under the evidence, that the jury were authorized to find that defendant intended to take from the person money in a bag in a pocket in the coat.

**11. Criminal law ⚖➡736(2)—Instruction submitting admissibility of confessions properly refused.**

The court properly refused an instruction which, in effect, submitted to the jury the admissibility of confessions.

**12. Criminal law ⚖➡561(1) — State not required to remove possibility of innocence, and instruction to that effect properly refused.**

The state is not required to remove by proof the possibility that defendant is innocent, but only to establish his guilt beyond a reasonable doubt; and the court properly refused to instruct that, if there was a reasonable possibility or probability that some one else committed the crime, they must find defendant not guilty.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Sam Rice was convicted of robbery, and he appeals. Affirmed.

The witness Eubanks testified that the defendant made a statement to him; that he offered him no inducements, used no threats of violence, and held out no hope of reward; that in the statement defendant said he got broke in a skin game, wanted some money, and thought a good way to get it was to shoot and rob Old Man Whitney; that he shot him in the back twice and robbed him. Sheriff Richardson also testified to substantially the same thing. When the defendant came on to testify, he admitted making a statement to the sheriff, but that he was afraid, since the men told him that they were going to kill him, and the sheriff told him that if he had not been there they would have killed him, and that defendant had bet-ter tell him the truth or he would go away and let them kill defendant.

The following charges were refused the defendant:

(1) The court charges the jury unless they believe from the evidence beyond all reasonable doubt that the defendant took the money described in the indictment from the person of Joe Whitney against his will by violence to his person or by putting him in such fear as unwillingly to part with the same, they must find the defendant not guilty of robbery.

(2) The court charges the jury that, before they can convict the defendant, they must believe from the evidence beyond all reasonable doubt that the confessions of the defendant were made by him freely and voluntarily and without any hope of reward or inducement offered him by any one in authority.

(4) The court charges the jury that, before they can convict the defendant, they must believe him guilty beyond every reasonable hypothesis, and, if from the evidence there is a reasonable possibility or probability that some one else other than the defendant committed the crime charged in this indictment, then they must find him not guilty.

S. C. Jenkins, of Bay Minette, for appellant.

The court should have instructed the jury on the subject of insanity under the plea. 50 South. 954. A special verdict was required. 60 Ala. 78; 40 Ala. 680, 91 Am. Dec. 496; 39 Ala. 229; 136 Ala. 129, 33 South. 818; 112 Ala. 41, 21 South. 79.

Charges 1 and 2 should have been given. 68 Ala. 569; 81 Ala. 51, 1 South. 574; 72 Ala. 244; 49 Ala. 9; 58 Ala. 375; 32 Ala. 560. Charge 4 should have been given. 148 Ala. 612, 42 South. 993; 143 Ala. 113, 39 South. 257; 154 Ala. 65, 45 South. 680; 186 Ala. 282, 65 South. 329.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the reporter.

SAYRE, J. [1-5] Appellant, being arraigned upon an indictment charging robbery, pleaded not guilty. Afterwards he was permitted by the court to add the further plea of "not guilty by reason of insanity." This is shown by the order of arraignment. The recital of the judgment entry showing the trial and its result is that—

"The said defendant being duly arraigned upon said indictment charging him with robbery for his plea thereto says not guilty."

Appellant contends that the record aforesaid shows error for that it shows that the verdict and judgment failed to respond to his special plea of not guilty by reason of insanity. He also complains that the court failed to instruct the jury in respect to the issue raised by his said plea. These two contentions are answered by the record in this

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cause to the exclusion of every doubt as follows. When the jury in a capital case decides both the issues raised by the plea of not guilty and not guilty by reason of insanity against the defendant, a general verdict of conviction, as for the question raised by this appeal, amply responds to both issues. Such is the effect of the statute (Code, § 7177) as interpreted by this court (Maxwell v. State, 89 Ala. 150, 165, 7 South. 824), nor does reason suggest any possible advantage to the accused in holding that any further response should be required. As for the failure to instruct the jury, counsel for defendant announced his satisfaction with the court's oral charge, which omitted any reference to the special plea, nor was any special charge requested on the point. No doubt the court omitted any reference to the plea for the reason that there was no evidence to sustain it, and this would have been good reason for refusing special charges on the subject, had any such been requested. There was testimony to the effect that defendant, on the day of the crime and shortly thereafter, being at a house in the neighborhood, "was playing with the children there, the larger ones having gone to school," and "acted that day like he always did, just playing around with children," and upon this testimony defendant's counsel rely as tending to establish the special plea. However, they can say no more than that this testimony showed defendant to be of "low and childish mentality or disposition," and to us it is clear that, standing alone, as it did, it was utterly insufficient to take to the jury the issue as to the alleged insanity of defendant, as to which the burden of proof rested upon him. Code, § 7175.

[6, 7] Most of the exceptions reserved to the court's rulings on evidence are obviously without merit and need no discussion. As for the confession made to Ex Sheriff Eubanks, in the circumstances appearing to the court at the time when the witness' testimony as to it was admitted, there was nothing to impeach the voluntary character of the confession. Afterwards defendant gave testimony as to facts which, if accepted as true, would have required the rejection of the confession, and in that case it would have been the duty of the court to exclude on proper motion. Bob v. State, 32 Ala. 560. But the admissibility of the confession was a question for the court upon consideration of all the evidence admitted in relation thereto, subject to review here on proper exception reserved. Fowler v. State, 170 Ala. 65, 54 South. 115; 4 Mich. Dig. p. 326, § 490 (2), and cases there cited. Upon the case thus far stated it can by no means be said that the trial court committed error in admitting the confession.

[8] Defendant also made a confession of guilt to the sheriff of the county, and to that defendant objected. What has been said with respect to the confession to Eubanks applies here. Besides, as a part of this confession, defendant stated where a part of the fruits of his crime could be found in the woods about three miles away and went with the sheriff and pointed out the place to him where money taken from the chief prosecuting witness was found along with defendant's coat and a pistol. So much of the confession as was thus corroborated was admissible without regard to its voluntary character. Gregg v. State, 106 Ala. 44, 17 South. 321.

[9, 10] Charge 1, requested by defendant, was properly refused for the reason that in defining robbery it excluded consideration of that very theory of the facts which the state's evidence tended to support, viz., that property was taken from the presence of the person offended against, and under his direct physical, personal control, that being the equivalent of a taking from his person within the meaning of the indictment and of the law on the subject. Thomas v. State, 91 Ala. 34, 9 South. 81. The proof showed that defendant, having twice shot Joe Whitney through the body with a pistol, took Whitney's coat, which lay beside him on the seat of the boat in which he was, and carried it away with him. In a pocket of the coat was a bag, and in the bag was the money described in the indictment. We cannot assent to the proposition that the evidence showing these facts tended to support only a finding that defendant intended to steal the coat, not the money. The evidence went to show that the purpose of defendant's assault upon Whitney was to get money and, that 'he afterwards told the officers where the money, along with other articles, could be found. The jury were authorized to find that he intended to do what in fact he did, viz., take the money described in the indictment from the person of its owner.

[11] Charge 2, refused to defendant, overlooked the familiar principle to which we have hereinabove cited Gregg v. State, 106 Ala. 44, 17 South. 321. Moreover, this charge, in effect, submitted to the jury the question of the admissibility of confessions. Bob v. State, supra; Matthews v. State, 55 Ala. 65, 28 Am. Rep. 698; Redd v. State, 69 Ala. 255.

[12] The use of the word "possibility" in charge 4 rendered it bad. The state was not required to remove by proof the possibility that defendant was innocent, but only to establish his guilt beyond a reasonable doubt.

There is no error, and the judgment and sentence of the trial court must be affirmed.

Affirmed.

All the Justices concur.