**GILCHRIST v. STATE.** (8 Div. 792.)

(Court of Appeals of Alabama. June 20, 1922. Rehearing Denied Oct. 24, 1922.)

1. **Homicide** ⊕═157(1) — **Testimony as to change of grades of cotton held irrelevant and inadmissible.**

On trial for murder resulting from bad feelings due to a misunderstanding about a cotton trade, evidence as to a change in the grades of cotton *held* properly excluded as irrelevant and inadmissible.

2. **Witnesses** ⊕═389—**Predicate for introduction of testimony on former trial to impeach witness held sufficient.**

On a trial for murder, a question asked witness as to whether on a former trial he did not testify that he had told a certain person that he did not know who fired the first shot, and his answer that he never told anybody that he did not know who fired the first shot, constituted a sufficient predicate for the introduction of the certified transcript of the official stenographer's notes of the former trial, constituting prima facie evidence under Acts 1909, p. 263, § 7, for purpose of impeachment.

3. **Witnesses** ⊕═379(8)—**Witness could be impeached by contrary testimony on former trial as to who fired first shot.**

Where tendency of testimony of witness was to the effect that defendant fired the first shot in a difficulty, defendant was entitled to show by way of impeachment that on a former

trial he testified that he did not know who fired the first shot, or that he had made such a statement to a certain person.

**4. Criminal law** ⬤⇒1170(4)—**Error in excluding testimony harmless where the same evidence admitted on cross-examination.**

The exclusion of a question asked defendant as to what he went to the scene of a homicide for did not require reversal where, on cross-examination, he was permitted to state his purpose in going to such place.

**5. Criminal law** ⬤⇒1137(6)—**When question objected to only in part, failure to answer other parts could not support claim of error.**

Where defendant was asked what time he went to a certain platform, and who went with him, and what he went for, and the state's objection to that part of the question relating to his purpose in going to the platform was sustained, he could have answered the other portions of the question, and his failure or refusal to do so could avail him nothing.

**6. Witnesses** ⬤⇒372(2)—**Proper to cross-examine witness as to statement showing bias, and to show that he made such statement.**

On a trial for murder it was proper, on cross-examination of a witness claimed to have conspired with defendant to kill deceased, to ask him whether right after the shooting he did not say that he took deliberate aim at deceased's head, and could not see how he missed, and, where he denied making such statement, to prove by another witness that it was made, for the purpose of showing bias or interest.

**7. Witnesses** ⬤⇒372(1) — **Proper to cross-examine to show interest or bias.**

It is always permissible to ask questions on cross-examination which tend to elicit testimony showing the interest or bias of the witness.

**8. Criminal law** ⬤⇒829(1)—**Refusal of charges covered by oral charge not error.**

Where the oral charge fully covered propositions of law embodied in refused charges, there was no error in their refusal.

**9. Criminal law** ⬤⇒759(1)—**Charge that theory consistent with innocence must be adopted invades province of jury.**

If there is evidence tending to show defendant guilty, and also evidence to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of defendant's guilt, and it would invade their province for the court to charge that they must adopt a theory consistent with innocence rather than one consistent with guilt where both are supported by evidence..

Samford, J., dissenting in part.

Appeal from Circuit Court, Lawrence County; Osceola Kyle, Judge.

Daniel Gilchrist was convicted of manslaughter in the first degree for the killing of Earnest L. Wann, and sentenced to one year and one day in the penitentiary. From the judgment, he appeals. Reversed and remanded.

Certiorari denied in Ex parte State (Gilchrist v. State), 208 Ala. 690, 95 South. 200.

Charge 87, refused to defendant, reads as follows:

"87. If there are two theories of the case, one consistent with the guilt of the defendant and the other equally consistent with his innocence, and these two theories are supported by the evidence in the case, your verdict should be in favor of the defendant."

Mitchell & Hughston, of Florence, and A. H. Carmichael, of Tuscumbia, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. This appeal is prosecuted from a judgment of conviction of manslaughter in the first degree predicated upon an indictment charging the defendant with the offense of murder in the first degree. All questions reserved upon the trial grow out of the rulings of the court upon the admission and exclusion of evidence, and the refusal of written charges requested by defendant.

[1] There was no error in the ruling of the court in sustaining the objection of the state to the questions propounded by defendant to his witnesses relative to the grades of cotton brought to town having changed; the court properly held that this matter was irrelevant and inadmissible.

[2, 3] The record discloses that this case had been tried before in the circuit court of Lawrence county, and that witness Sam Hill, one of the main witnesses for the state, had testified in the former trial. On cross-examination of this witness in the present trial he was asked by counsel for defendant, "You testified in this case before, did you not?" and to this question the witness answered, "Yes, sir." He was then asked, "Did you not say on that occasion that you did make a statement—such a statement—to Roy Graham, that you did not know who fired the first shot?" He answered; "I never did tell anybody that I did not know who fired first. Mr. Wann or Mr. Gilchrist." Later, during the progress of the trial, while the defendant was developing his case, the following occurred as shown by the record:

"Defendant thereupon offered in evidence a certified transcript of the official report made by the official stenographer for the eighth judicial circuit of Alabama of the testimony of Sam Hill upon his examination as a witness for the state in the case of the state of Alabama

v. Daniel Gilchrist in the circuit court of Lawrence county, Ala., at the special term of said court in December, 1919. The state objected to such evidence, and the defendant stated to the court that he expected to prove by such transcript that Sam Hill had testified on said former trial that he did not know who fired the first shot in the difficulty resulting in the death of Wann. The court sustained the objection. The defendant then offered in evidence that portion of such transcript of the evidence of said Sam Hill which recites that he did not know who fired the first shot in said difficulty, and the state objected, and the court sustained the objection, and the defendant then and there excepted."

This inquiry related to a very material matter, and we are of the opinion that the predicate laid was sufficient to authorize the introduction in evidence of the certified transcript of the official stenographer's notes of the former trial which contained the evidence of this witness on this question. The tendency of this witness' testimony, as given upon the present or second trial of this case, was to the effect that this defendant fired the first shots, and, if, as contended by appellant, he had on the former trial testified contrary to this, and that he then stated he did not know who fired the first shot in the difficulty, or that he made such a statement to Roy Graham, the appellant should have been allowed to show this fact in impeachment of his present testimony. Under the provisions of the act approved August 26, 1909 (Acts 1909, p. 263, § 7), such transcript was prima facie evidence of the proceedings in said cause. It was error to decline to allow the introduction of the certified transcript of the official stenographer's notes of the proceedings of the former trial, so far as it related to this portion of the witness' testimony. Todd v. State, 13 Ala. App. 301, 69 South. 325; Harper v. State, 16 Ala. App. 538, 79 South. 632.

[4, 5] It is evident from this record that the theory of the state upon this trial was that this defendant and his brother (who was also indicted) and another, a friend or partner, entered into a conspiracy to commit the act complained of in this indictment, and that such conspiracy was the result of bad feelings engendered by a misunderstanding about a cotton trade between the brother of defendant and deceased, which resulted in the manifest dissatisfaction of deceased, and because of same he (deceased) made use of certain derogatory remarks, accompanied by threats, etc., and that, in order to carry into effect this purpose, they armed themselves and went to the place of killing, to which place the deceased had preceded them. It is therefore apparent that it was a very material question as to why the defendant did go to the place in question, and, in order to show this fact, the following question was propounded to defendant while testify-

ing in his own behalf on direct examination: "Now, what time was it that you went down, and who went with you, and what did you go for to the platform?" Thereupon the state objected to that part of the question relating to his purpose when going to the platform. The court sustained the objection, and defendant excepted. Under the rule of evidence stated in the following cases it would appear that the objection should not have been sustained, and that the defendant should have been allowed to give answer thereto. Pearce v. State, 4 Ala. App. 32, 58 South. 996; Bailey v. State, 4 Ala. App. 7, 58 South. 675; Goforth v. State, 183 Ala. 66, 63 South. 8; Crenshaw v. State, 205 Ala. 256, 87 South. 328. The error, however, in sustaining the objection here would not operate as a reversal of this case, for the reason that the defendant appears to have received the benefit of this evidence on his cross-examination wherein he testified that—

"My recollection is that a negro came up and asked me to bid on a bale of cotton and I went over to look at it. I don't know that we went over there to look at a particular bale of cotton. * * * Just one bale, and we went over there to see that bale and others. We went over there for the purpose of discussing grades of cotton. * * * When I went over there I was not preparing for any trouble."

It will be noted that the objection by state did not extend to the two subdivisions of question propounded, that is: (1) "Now what time was it you went down? (2) and who went with you?" The defendant while testifying in his own behalf on direct examination could have answered these portions of the question, and failing or refusing to do so can avail him nothing.

[6, 7] On cross-examination of defendant's witness Garth Gilchrist, and over the objection of the defendant, he was required to answer the question propounded to him by the solicitor: "Did you, just after the shooting, at Bynum & Tweedy's office, remark that you did not see how you missed Wann's head; that you took deliberate aim at his head; or words to that effect?" In overruling the objection the court expressly limited the scope of this inquiry for the purpose of showing the bias or interest of the witness. The witness answered the question in the negative, and over the further objection of the defendant the state was permitted to introduce a witness, one Holderfield, who contradicted the witness Garth Gilchrist on this question. In this ruling of the court there was no error. It is always permissible to ask questions on cross-examination which tend to elicit testimony showing the interest or bias of a witness. In Byrd v. State, 17 Ala. App. 301, 84 South. 777, it was said:

"The feeling, bias, and friendly relations of the witness toward either party is not collater-

al, and it has been repeatedly held that the fact a witness manifests bias or partiality for the party who calls him is proper matter for the consideration of the jury in estimating the value of his testimony, and the general rule is that on cross-examination of a witness any fact may be elicited which tends to show such bias or partiality, and if the witness denies the facts showing the bias, the cross-examining party may call other witnesses to contradict him"—citing numerous cases.

Other rulings of the court upon the testimony to which exceptions were reserved are without error.

[8] In a most excellent and elaborate oral charge covering about 15 pages of the transcript every phase of the law governing this case was given to the jury. No exceptions were reserved to this splendid charge, and, as this charge fully covered the propositions of law embodied in the refused charges, there was no error in their refusal.

[9] Special charge 87 was properly refused as being invasive of the province of the jury. While it is true if there are two theories of the case, one consistent with the guilt of the defendant and the other equally consistent with his innocence, and both theories are supported by the evidence in the case, justice and humanity alike would seem to demand that the jury should adopt the theory consistent with the innocence of the defendant. But this is for the determination of the jury, and the court is without authority to instruct them which theory they shall adopt, for, if there is evidence tending to show the guilt of the defendant, and also evidence tending to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of the defendant's guilt, and not for the court to instruct them what part of the evidence they shall credit and what conviction such evidence shall produce on their minds, or which theory they shall accept. Fonville v. State, 91 Ala. 39, 8 South. 688; Harrell v. State, 166 Ala. 14, 52 South. 345.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

SAMFORD, J. I concur in the conclusion reached in this case, but I am of the opinion that the action of the trial court in sustaining the state's objection to the question asked defendant while he was testifying as a witness, "What did you go for to the platform?" was free from error. This question called for a conclusion and an undisclosed motive of the defendant. Motive is an inferential fact, to be drawn by the jury from proven attendant facts and circumstances, if sufficient; a party testifying for himself cannot state his own intention or mo-

tive. Burke v. State, 71 Ala. 377; Whizenant v. State, 71 Ala. 383; Fonville v. State, 91 Ala. 39, 8 South. 688; Dent v. State, 105 Ala. 17, 17 South. 94; Stewart v. State, 78 Ala. 436.

The cases cited in the opinion in this case upon this proposition do not sustain the conclusion announced. It may be admissible to prove facts and circumstances from which the jury may draw a conclusion as to why a defendant was at a certain place or why he fled, but the undisclosed intention or purpose of the defendant is never admissible in his interest.