(110 So. 908)

## WILKES v. STATE.    (6 Div. 606.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**1. Criminal law ⚖=51—Emotional insanity, not associated with disease of mind, is no excuse for crime.**

Emotional or so-called moral insanity, such as might be caused in husband by wife's infidelity, not associated with disease of mind, is no excuse for crime.

**2. Homicide ⚖=179—Writing showing defendant accepted $1,000 from deceased for alienating wife's affections held admissible to rebut emotional insanity as excuse for killing.**

In prosecution for murder, writing in which defendant acknowledged receipt of $1,000 in full satisfaction of all demands against de-

ceased for alienating affections of defendant's wife, and agreed to leave county for one year, *held* admissible to rebut contention that defendant suffered great mental disturbance by reason of wife's infidelity.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Madden Alford Wilkes was convicted of second degree murder, and he appeals. Affirmed.

Thomas J. Roe, of Birmingham, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

SAYRE, J. Defendant appellant was convicted of murder in the second degree. That defendant killed Giamalva, deceased named in the indictment, was not denied. Abundant and undisputed proof showed that defendant, after careful preparation for his act, invaded the place of business where deceased was employed and, without allowing an opportunity for parley, defense, or retreat, killed deceased by blowing out his brains with a shotgun and then fired other shots into his prostrate body. There was a formal plea of not guilty, but the only defense proposed by the evidence was that defendant was not guilty by reason of insanity.

[1] Defendant sought to trace his alleged insanity to the fact that Giamalva had for a long time been unduly intimate with his wife and had more recently made a proposal to his daughter, aged 15. It is not to be doubted that defendant had very good reason for a state of mind with reference to the relations between his wife and Giamalva; but insanity and irresponsibility are something else. This case does not call for any extended discussion of that subject. It is enough to say that emotional, or so-called moral, insanity, not associated with disease of the mind, as an excuse for crime, has no recognition in the law of this state. Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193; Boswell v. State, 63 Ala. 307, 35 Am. Rep. 20; Hall v. State, 208 Ala. 199, 94 So. 59; Kilpatrick v. State, 213 Ala. 358, 104 So. 656.

[2] The record presents for review only a few rulings on the admissibility of evidence, and we think the case may be properly disposed of by referring to one of these only. Defendant killed deceased in June, 1925. The moving cause for his act has been stated. In September, 1924, defendant had executed a paper writing in which, in consideration of $1,000 in hand paid by Giamalva, he had acknowledged full satisfaction and discharge of all demands against Giamalva in anywise connected with the alienation of his (defendant's) wife's affections, and had agreed to leave and remain away from Jefferson county for not less than one year. This paper was admitted over defendant's objection duly made. Defendant's exception cannot avail to reverse his conviction. The paper tended to rebut the notion that defendant suffered any great mental disturbance—at most not over $1,000 worth—by reason of his wife's infidelity, and tended also to prove that his act was not prompted by any sudden access of passion and could not therefore legitimately serve to reduce the grade of the homicide.

Upon the whole case it is entirely clear that the jury exercised clemency in favor of defendant to the extent at least of the difference between murder in the first and second degrees. Considered from the legal standpoint, defendant did very well in his defense. He has nothing of which to complain.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.