16201

STATE v. REGGEN
(52 S. E. (2d) 708).

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Appellant,*

*Mr. Julian S. Wolfe, Solicitor,* of Orangeburg, *for Respondent,*

March 28, 1949.

STUKES, Justice.

Appellant, a young colored woman, was convicted on May 31, 1948, in the Orangeburg County Court of assault and battery of a high and aggravated nature and sentenced to serve one year upon the public works of the county.

The victim of the assault, who received a serious stab wound, was the principal witness for the prosecution. On cross-examination she admitted several convictions for disorderly conduct and vagrancy during the years 1942 to 1947, inclusive. There was no objection by the Solicitor to the further inquiry of the witness whether she was also convicted of larceny in 1942, which she admitted. Later in the continued cross-examination appellant's counsel asked whether during the last six years the witness had been convicted of larceny or disorderly conduct eleven times, which the witness admitted might be true and she did not deny it. At this point the trial judge interjected: "Better strike out about the larceny charge."

The agreed portion of the Transcript of Record for appeal contains the following: "During the argument before the jury on the part of counsel for defendant, counsel stated substantially: That the prosecuting witness, during the last six years, had been convicted of disorderly conduct, fighting, and for the crime of larceny. The Court interrupted counsel and stated that he had stricken out the testimony with reference to the conviction of larceny and specifically instructed the jury to disregard any reference to the conviction of the crime of larceny."

Besides a controversy with reference to the settlement of the record, which will be later discussed, the appeal is concerned only with alleged error by the Trial Judge in striking out the cross-examination relating to the prior conviction of the prosecuting witness of the crime of larceny and in the interruption of the argument of appellant's counsel to the

jury and the instruction of the latter that they should disregard any reference to the conviction of the witness of the crime of larceny.

Guilt of larceny goes to the credibility of a witness and may be properly proved in order to discredit the witness. Exclusion here was error. Sec. 1012-1, Code of 1942. *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) 665, and cases there cited. The establishment of the guilt of the appellant of the crime charged depended in large part upon the truth of the testimony of this witness. Thus the error can hardly be fairly held to have been immaterial and harmless. It was emphasized by the voluntary and unwarranted interruption by the Court of counsel's argument to the jury and repetition then of the erroneous ruling which had been previously made during the cross-examination of the witness.

Upon appeal the appellant proposed that the record should contain only the statement, to the content of which no objection was made by the Solicitor, the testimony of the prosecuting witness and a narrative of the interruption by the court of counsel's argument to the jury, which it was contended constituted a sufficient record for our consideration of the single question presented by the exceptions. The State proposed amendment of the record to include all of the other evidence and the court's charge to the jury. Amendment accordingly was ordered over objection, and appellant appeals.

Not by way of formally submitted sustaining ground, Rule 4, Sec. 7, of the Supreme Court, but in argument the Solicitor contends that the error assigned by the exceptions was not prejudicial to appellant and, on the contrary, comes within the rule which was apparently last stated in *State v. Hariott,* 210 S. C. 290, 42 S. E. (2d) 385, 388, in which it was said: "Technical errors or defects, or mere irregularities which do not affect the substantial rights of the accused are generally disregarded on review by the

appellate court, particularly where the guilt appears from the record to be clearly established." Similar authorities, among others, are: *State v. Evans,* 202 S. C. 463, 25 S. E. (2d) 492; *State v. Woods,* 189 S. C. 281, 1 S. E. (2d) 190; and *State v. Gilstrap,* 205 S. C. 412, 32 S. E. (2d) 163.

In *State v. Hariott, supra,* the rule was held inapplicable and we said: "Whether the error in a given case shall be regarded as harmless on appeal may often depend on the circumstances of the particular case, rather than on any definite rules of law; the materiality and prejudicial character of the alleged error being determined in its relation to the entire case." Similarly we conclude in this case that the error was prejudicial and therefore requires reversal and new trial.

Reliance upon the stated ground for affirmance warrants inclusion in the appeal record of all of the competent evidence adduced at the trial which tends to prove the guilt of the defendant of the crime charged. In cases where the State intends to urge this ground for affirmance of conviction there should be notice to the appellant, included in the record by appropriate sustaining ground in compliance with the rule cited, *supra.* There was none in this case, as has been said, but waiving the omission it is patent that the medical testimony and the court's instructions to the jury were unnecessary even under the Solicitor's present contention for affirmance. Sec. 3, Rule 4, Supreme Court. It was error to require the inclusion in the record of the testimony of Dr. Shecut and the charge to the jury. Appellant's exception on this score is sustained to that extent.

Reversed and remanded for new trial.

BAKER, C.J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.