71 So.2d 115

### UPTAIN v. STATE.

6 Div. 611.

Supreme Court of Alabama.

Nov. 19, 1953.

Rehearing Denied March 11, 1954.

460

Reuben L. Newton, Bankhead & Skinner, Jasper, for petitioner.

Si Garrett, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

The cogent argument so seriously pressed on us by counsel for appellant has moved the court to consider in general consultation the single question posed.

The argument is made that we should reverse the Court of Appeals in failing to predicate error on account of the trial court's action in refusing to grant the appellant's motion for a mistrial because of certain alleged prejudicial remarks made by the prosecuting attorneys to defendant's counsel, which the reporter will set out.

The Court of Appeals' opinion shows that after the jury retired and a colloquy between the court and respective counsel, the jury returned to the box and each juror was polled individually by the court as to whether after the incident they could render a true verdict based solely on the evidence after they had heard it all, uninfluenced by what had occurred. Each juror having been thus individually polled, answered the inquiry propounded by the court in the affirmative. The opinion of the Court of Appeals treating of this event states:

> "We cannot say the occurrence so prejudiced the rights of the defendant that he was deprived of a fair and impartial trial.

> "Under the State's evidence the jury would have been authorized to find a verdict for murder in the first degree. The verdict which was returned certainly does not indicate that any prejudice existed against the defendant." [71 So.2d 114]

■ The foregoing expression by the Court of Appeals is but a conclusion that after a reading of the entire record (which we may not do) that court has concluded that there was no ineradicable prejudice to the defendant by the foregoing conduct of State's counsel, since under the evidence a verdict of murder in the first degree would have been warranted. This is but another way of saying that due to the verdict returned, if there was any error it was without prejudice to the defendant. Under our limited review of certiorari we do not review the Court of Appeals on its decision of matters of this character, the whole of the evidence not being set out.

So considered, it must be held that to reverse the opinion and judgment of the Court of Appeals on this question would be entirely without warrant.

Application for rehearing overruled.

LIVINGSTON, C. J., and STAKELY, GOODWYN, MERRILL and CLAYTON, JJ., concur.