114 So.2d 402

Ernest Cornell WALKER, alias,

v.

STATE of Alabama.

6 Div. 381.

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Sept. 17, 1959.

Wm. W. Conwell and Walter M. Campbell, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a judgment of conviction for rape, with infliction of the death penalty. Appellant is of the Negro race. The victim is a white woman. The alleged crime was committed on Saturday, November 1, 1958. Appellant was indicted on November 6, 1958, and was arraigned on November 21, 1958. He was unable to employ counsel, so at arraignment the trial court appointed two members of the Jefferson County Bar to represent him. § 318, Title 15, Code 1940, as amended. Upon arraignment Walker pleaded not guilty and not guilty by reason of insanity. When the case was called for trial, counsel for Walker sought to withdraw the plea of not guilty but this request was refused and the case was tried on the pleas interposed upon arraignment. As indicated above, the jury found Walker guilty and imposed the death penalty. Judgment and sentence were in accord with the verdict. There was no motion for a new trial.

The appeal here is under the automatic appeal statute. Act 249, approved June 24, 1943, General Acts 1943, p. 217. See 1955 Cum.Pocket Part, Vol. Four, Code 1940, Title 15, § 382(1) et seq. After determining that Walker is an indigent person, without sufficient funds to pay for the services of an attorney to represent him on appeal, the trial court appointed the counsel who represented Walker in the trial court to prosecute this appeal and they appear here in his behalf.

Six persons were called as witnesses by the State: the prosecutrix, her husband, two physicians, and two persons who were

law enforcement officers of the City of Homewood at the time the offense is alleged to have been committed.

The testimony of the prosecutrix and that of her husband is substantially as hereafter summarized:

The husband of prosecutrix was for a number of years the building superintendent of Shades Valley High School at Homewood, Alabama. He and his wife occupied an apartment situated on the "ground" floor of the high school building. There were two other floors in the building, generally referred to as the first and second floors. The defendant had worked as a janitor under prosecutrix' husband in 1954 and was well known both to the prosecutrix and to her husband.

Defendant came to the apartment around 8:30 a. m. on the morning of Saturday, November 1, 1958, and talked with the husband concerning a job. He was advised that there was no vacancy at the time, but if one occurred the husband would get in touch with the defendant. Shortly before 10:30 the husband left the apartment to go to the bank and to perform other duties. Shortly after he left the defendant entered the apartment through the doors which separated the apartment from other parts of the ground floor of the building. Tendencies of the evidence are to the effect that he gained entrance by using a master key.

After entering the apartment, he first requested that the prosecutrix give him a gun. Upon being told that there was no gun in the house, he hit the prosecutrix in the face and began to choke her. Following such abuse the prosecutrix told him where the gun was located and without relinquishing his hold upon prosecutrix' neck, he dragged her to the point where he obtained a shotgun. Thereafter he continued to mistreat and threaten the prosecutrix and finally succeeded in dragging her up a flight of stairs to the first floor, where he ravished her.

After completing the sexual act the defendant locked the prosecutrix in a broom closet. Later the appellant returned to the broom closet, bringing with him the prosecutrix' husband, who had returned to the apartment. The prosecutrix was then removed from the closet and was taken into another closet or room, where she and her husband were locked up.

After a comparatively short period of time, the defendant forced the husband to accompany him downstairs to the apartment level, where he made inquiry concerning the contents of a safe. Later the husband was taken back to the first floor and locked in a small closet similar to the one in which his wife had first been placed. The husband was able to escape and went to the rescue of his wife and called the authorities.

The prosecutrix was carried to a hospital, where she was examined by two physicians. One of them testified that she was hysterical at the time she was admitted and had marks and bruises about her neck. The other physician, who made a thorough examination of the prosecutrix, testified that the prosecutrix had multiple bruises and scratches on her arms, on her chest, abdomen and legs. There were large bruises on the outside of each hip. There were two small lacerations or tears in the vagina.

Police officers gave testimony concerning the apprehension of the defendant approximately a week after the crime is alleged to have been committed. They also testified concerning a confession made to them by the defendant, which was reduced to writing and admitted in evidence.

The appellant, Walker, did not testify nor were any witnesses called in his behalf.

The evidence was not only sufficient to carry the case to the jury on the charge or rape, but was altogether sufficient to support the verdict of the jury finding the defendant guilty of that crime. Under the automatic appeal law, supra, we must examine all the evidence when the death sentence is imposed and reverse the judgment if in our opinion that verdict is contrary to the great weight of the evidence,

although no motion for new trial has been made. Easley v. State, 246 Ala. 359, 20 So.2d 519.

■ Before the confession was admitted in evidence, the State showed that none of the officers present at the time the confession was made threatened Walker in any way, told him it would be better for him to make a statement, or offered him a reward to make a statement. We think the predicate as laid by the State was in all respects sufficient to show prima facie that the confession was made voluntarily, there being nothing in this record to indicate that under the circumstances prevailing at the time it was made, when considered with the age, character and situation of the defendant, he was deprived of his free choice to admit, to deny or to refuse to answer. Phillips v. State, 248 Ala. 510, 28 So.2d 542, and authorities there cited; Arrington v. State, 253 Ala. 178, 43 So.2d 644.

■ Reversible error is not made to appear in the action of the trial court in permitting the State to introduce in evidence certain articles of clothing which were found in the prosecutrix' apartment immediately after the crime was committed and after the defendant had fled. Although there was no positive identification of these articles of clothing as being those worn by the defendant at the time of the attack, his confession shows that he did leave his clothing in the apartment. Under these circumstances we are of the opinion that the clothing was admitted in evidence without error. See Thomas v. State, 257 Ala. 124, 57 So.2d 625.

During the closing argument for the State the following occurred:

"Mr. McCall: I am sure His Honor will charge you that every person over fourteen years of age is presumed to be responsible for his acts and that burden of proving that he is irresponsible is cast upon the accused, the defense of insanity in a criminal prosecution shall be clearly proven to the reasonable satisfaction of the Jury, I am sure His Honor will charge you on that and there is not any evidence in here of any insanity and if that was the verdict, he would be sent down there, and they would keep him down there a few weeks and turn him out.

"Mr. Campbell: I object to—

"Mr. McCall: Well you stated, I am answering his argument, may it please the Court, I am answering Mr. Campbell's argument, because he stood before this Jury and told them they had a right to bring in a verdict of not guilty by reason of insanity.

"Mr. Campbell: If it please the Court, I interpose an objection on the grounds, it is speculation.

"The Court: Yeah, I will overrule it.

"Mr. Campbell: We except."

■ The objection to this argument might well have been sustained in view of our holding in the case of Boyle v. State, 229 Ala. 212, 154 So. 575. However, reversible error cannot be predicated on the remarks of the solicitor in view of the fact that there was no evidence to support the plea of not guilty by reason of insanity and, as will hereafter be shown, the jury was correctly instructed to disregard that plea. Under such circumstances we are of the opinion that no possible injury could have resulted to the defendant by virtue of the remarks of the assistant solicitor made in reply to argument of counsel for the defendant.

The trial court in the course of its oral charge to the jury said:

"Now gentlemen, as stated the Defendant interposed also a plea—an additional plea of not guilty by reason of insanity. Now when insanity is set up as a defense in a criminal case, it must be established to the satisfaction of the Jury by a preponderance of the evidence or the great weight of the

evidence and a reasonable doubt of the Defendant's insanity raised by all of the evidence, does not authorize an acquittal—wait a minute, that is not— I withdraw that part, that is not what I wanted, it is on the wrong thing.

"Gentlemen, here is what I want to give to you, forget that part because that is not what I wanted to read to you. No person can commit an offense in this State who is not legally capable of committing a crime, that is every person over fourteen years of age charged with a crime is presumed to be responsible for his acts, and the burden of proving that he or she is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the Jury. *Now, gentlemen, that is all I am going to read to you on the charge of insanity, I will just state to you that there is no evidence whatsoever offered by the Defendant on his plea of insanity; therefore I shall not charge you on the law of insanity."* (Emphasis supplied)

Thereupon the following occurred:

"Mr. Campbell: If it please the Court, I accept [sic] to your honor's ruling and move for a mistrial.

"The Court: All right.

"Mr. Campbell: May it please the Court, the Defendant moves for a mistrial.

"The Court: Yeah, overruled, all of it.

"Mr. Campbell: Except."

In brief filed here on behalf of appellant, counsel take the position that an exception was properly interposed to that part of the oral charge which we have italicized above. Under the automatic appeal law we are not required to review the oral charge of the court in the absence of proper exceptions thereto. Byrd v.

State, 257 Ala. 100, 57 So.2d 388; Easley v. State, supra.

The proper way to reserve exceptions to a part of an oral charge is to recite what the court said, or the substance thereof. Kelley v. State, 226 Ala. 80, 145 So. 816. In this instance the trial court was not advised of the "ruling" to which counsel did "accept" or of the basis of the motion for mistrial.

But we do not care to dispose of appellant's contentions concerning the part of the charge italicized above solely on the point of no proper objection.

This court and the Court of Appeals have held that where there is no evidence to establish the plea of insanity, it is not reversible error for the trial court in its oral charge to instruct the jury to the effect that there is no evidence which would justify a finding of not guilty by reason of insanity. Manning v. State, 217 Ala. 357, 116 So. 360; Uptain v. State, 37 Ala.App. 290, 71 So.2d 111, certiorari denied 260 Ala. 459, 71 So.2d 115. See Rice v. State, 204 Ala. 104, 85 So. 437.

Of course, if there is any evidence tending to support the plea of insanity, whether offered by the State or by the defendant, such a charge is erroneous. Counsel for appellant contend that the evidence for the State going to show the commission of the crime was sufficient to justify the jury in concluding that the defendant was insane in that no sane man would have perpetrated such a crime. We cannot agree with this insistence. Persons on trial for the commission of crimes are presumed sane and proof of the crime does not affect that presumption. The burden of proof is on the defendant to support his plea of insanity.

In the confession introduced in evidence is the following sentence: "I came back and saw Mr. Burgett leaving and something came in my mind to go get her." The words, "something came in my

mind to go get her," are said to show that the defendant was moved by an irresistible impulse and therefore a jury question was presented as to defendant's sanity. Again we cannot agree with the insistence of counsel for appellant. The quoted words, in our opinion, do no more than show a decision or determination on the part of defendant to do the act for which he was tried and convicted.

We hold that there was no evidence to support the insanity plea and that the trial court did not err in so instructing the jury and in declining in its oral charge to instruct on the law of insanity.

For the same reason the trial court did not err in giving at the request of the State its written requested Charge A and in refusing to give defendant's written requested Charge 1. Manning v. State, supra; Uptain v. State, supra; Rice v. State, supra. See also Johnson v. State, 169 Ala. 10, 53 So. 769; Pilley v. State, 247 Ala. 523, 25 So.2d 57; Johnson v. State, 247 Ala. 271, 24 So.2d 17; Snead v. State, 251 Ala. 624, 38 So.2d 576. There is nothing in the opinion in Peters v. State, 240 Ala. 531, 200 So. 404, or in the opinion in Roberts v. State, 36 Ala.App. 491, 59 So.2d 821, which supports the position of appellant to the effect that irrespective of the fact that there is absolutely no evidence to support the defendant's plea of insanity, it is error for the trial court to instruct the jury to the effect that the insanity plea cannot be considered. We understand the opinion in the Peters Case, supra, to show that there was some evidence tending to support the defendant's plea of insanity. In Roberts v. State, supra, the Court of Appeals was dealing with a charge wherein the trial court had in effect given an affirmative instruction in favor of the State in regard to the defendant's plea of not guilty.

In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We have dealt herein with all questions calling for treatment. We find no reversible error in the record and the cause is due to be and is affirmed.

Affirmed.

All the Justices concur.