187 So.2d 281

Jessie **JOHNSON**

v.

**STATE.**

8 Div. 18.

Court of Appeals of Alabama.

May 10, 1966.

J. D. Carroll, Jr., Huntsville, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of an assault with intent to murder his former wife. His punishment was fixed at five years in the penitentiary.

This is a second appeal in this case. Johnson v. State, 42 Ala.App. 511, 169 So.2d 773. The facts were fully set out in the opinion on the first appeal and are adopted as the facts of this case.

Defendant's pleas were not guilty and not guilty by reason of insanity. At the conclusion of the testimony the state moved to exclude the evidence on the plea of insanity. The court charged the jury:

"Gentlemen of the jury: The State has made a motion that the Court exclude all of the evidence relating to the plea of insanity of the defendant. The Court is granting that motion and says to you that all the testimony relating to the marital problems that has been introduced from this witness stand is to be excluded completely from any consideration that you might give it in your final deliberations in this case. The Court is telling you that as a matter of law the defendant has not established insanity and that any evidence that was given for that purpose is to be excluded and that the evidence pertaining to the marital problems was given for the purpose of establishing the insanity of the defendant, as far as this act of which he is accused of is concerned. So you are to exclude that entirely from any consideration during your deliberations when this case is finally given to you."

Defense counsel reserved an exception to the court's instruction as follows:

"MR. CARROLL: We would like not only to except to the disallowance of the plea of insanity, but strongly to the explanation by the Court that the jury also exclude any kind of testimony in regard to the marital problems of the particular parties before and after the alleged incident, in that it goes to the weight of the testimony. It is a comment on the evidence by the Court. We feel that it is error and prejudicial to the defendant, and we except to it."

In Walker v. State, 269 Ala. 555, 114 So.2d 402, the court said:

"This court and the Court of Appeals have held that where there is no evidence to establish the plea of insanity, it is not reversible error for the trial court in its oral charge to instruct the jury to the effect that there is no evidence which would justify a finding of not guilty by reason of insanity. Manning v. State, 217 Ala. 357, 116 So. 360; Uptain v. State, 37 Ala.App. 290, 71 So.2d 111, certiorari denied 260 Ala. 459, 71 So.2d 115. See Rice v. State, 204 Ala. 104, 85 So. 437." See also Knight v. State, 273 Ala. 480, 142 So.2d 899.

It is well settled that insanity which will excuse a crime must be the result of a disease of the brain. Emotional insanity or temporary mania, usually due to causes such as intoxication, not associated with disease of the mind does not

constitute insanity. Wilkes v. State, 215 Ala. 428, 110 So. 908; Manning v. State, 217 Ala. 357, 116 So. 360; Grant v. State, 250 Ala. 164, 33 So.2d 466; Lakey v. State, 258 Ala. 116, 61 So.2d 117; Barbour v. State, 262 Ala. 297, 78 So.2d 328.

Defendant's brother testified defendant just prior to and after the divorce acted a little differently. He cried on some occasions and seemed to be dazed or in a deep study and was very nervous. He didn't see him often until after the divorce and the only time he talked with him after the divorce was granted was the morning of July 15th. He came to the witness' home and drank coffee. "He got to talking and he got to crying. We got him to talk about it, (The divorce) He just got worse and that's about the way he left our home." On cross examination witness said defendant was intoxicated on that occasion. He stayed about two hours, crying and talking.

■ This was the only evidence that in any way tended to establish the plea of insanity. We are of opinion it was not sufficient to warrant the submission of the issue of insanity to the jury. Rowe v. State, 243 Ala. 618, 11 So.2d 749.

Defendant testified after he saw his former wife at the parking lot he bought a pint of whiskey and sat in his car and drank it. He bought another pint and took one drink out of it before going to his brother's house. From there he went to his father's home and then to the trailer where he was living and dressed for work. He remembered nothing else clearly until he was taken to the police station. He did not remember firing the gun.

"The Court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties." Title 7, Sec. 270, Code of Alabama 1940.

"And if the evidence is in dispute, or affords conflicting inferences, it is re-versible error for the court to charge on the effect of the evidence in the oral charge." Cole v. State, 16 Ala.App. 55, 75 So. 261.

■ The evidence as to defendant's shooting of his former wife was not in conflict and afforded no conflicting inferences. There was no element of self defense involved and no question as to who brought on the difficulty. The details of defendant's marital problems were not material to his defense under his plea of not guilty. The court's action in excluding this testimony, if error, was error without injury. Supreme Court Rule 45.

The state's objections were sustained to the following questions asked Mrs. Johnson, the assaulted party, on cross examination:

"Q. Would you say that he is normal when he was under the influence of intoxicating beverages?"

"Q. Then in the divorce proceeding you alleged acts of cruelty, you mean to tell these twelve men here that it is a normal way for a man to act?"

"Q. And if cruelty, under Alabama law is, that he slapped you, hit you, or did some kind of physical act upon your person then you would say this is normal?"

■ These questions called for conclusions of the witness and objections were properly sustained. Counsel insists this testimony was "vital as a predicate to the proof of insanity." A witness may testify that a person appeared normal, 23 C.J.S. Criminal Law § 871(2), pp. 433–434, State v. Boyd, 109 Kan. 99, 197 P. 864, but it is apparent here that the inquiry sought to show the abnormal rather than the normal state of defendant's mind. "Non-expert witnesses, to give an opinion as to insanity of a party, must first state the facts claimed to show or indicate an abnormal condition of the mind; * * *." George v. State, 240 Ala. 632, 200 So. 602.

Officer Travis testified he was called to the Crystal Drug Store after the shooting, and that he took the defendant to the police station. He was asked, "Did you smell any intoxicants on or about his person?" The witness answered, "I don't remember."

On cross examination the following transpired:

"Q. Just to refresh your recollection, Mr. Travis, you testified in the last trial, did you not?

"A. I believe I did.

"Q. The question was, 'I will ask you if at that time you smelled alcoholic beverages on or about the person of Jessie Johnson?' Your answer was, 'Yes, I did.' Would that be correct, in that it is a lot closer, or was a lot closer then than it is today?

"A. If I said it, yes.

"Q. I mean you did remember it at that time?

"A. But I don't now.

"Q. That's what I say, you did testify at that time, and if it was stated in the record to that effect, that would be correct, wouldn't it?

"A. That's right.

"Q. I know that it has been two years now.

"A. Yes, sir.

"Q. Does that refresh your recollection that you did testify to that effect?

"A. No, I sure don't remember it. But if it's in there, I said it."

Later in the trial the defendant offered in evidence, "The statement by officer Travis on the previous trial when the question was asked to (sic) him: 'I will ask you if at that time you smelled intoxicating beverages on or about the person of Jessie Johnson?' And his answer was: 'Yes, I did.' That is for the purpose of impeachment of Officer Travis's testimony, * * *." The State objected and the court sustained the objection.

Counsel argues in brief that the court erred in disallowing defendant, "the right to impeach Officer Travis * * * which was a material fact and part of the defense, that the defendant was highly intoxicated at the time of the shooting and could not form a specific intent whereby he would be guilty of assault with intent to murder under Alabama Law."

■ Where a witness denies making contradictory statements, or states that he does not remember whether he testified to a certain fact on a former trial, the certified transcript of the testimony taken on the former trial may be introduced for the purpose of impeachment. Gilchrist v. State, 19 Ala.App. 16, 95 So. 197, certiorari denied In re Gilchrist, 208 Ala. 690, 95 So. 200.

■ If the statement made at the former trial is to be introduced in evidence to impeach the witness, it must first be shown to the witness in order to allow him to refresh his memory and to explain any inconsistency. Parker v. State, 266 Ala. 63, 94 So.2d 209.

The writing used by the defendant here is not before us. It is not clear whether it was prior sworn testimony of the witness. It is not clear from the record that the former statement was ever shown to the witness.

In Brown v. State, 39 Ala.App. 149, 96 So.2d 197, Judge Cates wrote:

"On a plea of not guilty to crimes * * * which require a special intent, e. g., malice or animus furandi, the law of Alabama allows the jury to consider evidence of a defendant's drunkenness —not for the purpose of acquitting him altogether—but for the purpose of ascertaining whether or not his condition has rendered him at the time of the act capa-

ble of harboring such special intent." (Citation of cases)

█ We think that a showing that witness Travis testified he smelled alcoholic beverages on defendant's person would not have amounted to a statement that he was intoxicated. May v. State, 167 Ala. 36, 52 So. 602; Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, and that no injury resulted to defendant from the court's ruling.

█ A charge which requires a "specific" intent to take the life of the person assaulted may be refused without error. Sparks v. State, 261 Ala. 2, 75 So.2d 103. Requested charges 5 and 8 were defective for this reason. Also, Charge 8 was covered in substance by given Charge 2.

The trial court charged the jury as to the principle of law that intoxication may render the accused incapable of forming a specific intent to commit the crime. The refusal of Charge 6 did not constitute reversible error. Ivory v. State, 237 Ala. 344, 186 So. 460.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.

CATES, Judge (concurring specially).

I concur in the judgment of affirmance.

Nevertheless, in all fairness to the defendant, should his counsel consider applying for a review of our decision, I wish to express two thoughts which occur to me.

I.

As to the issue of insanity, the trial judge, in effect, gave a directed verdict in favor of the State which was the ad hoc defendant on that issue.

If the scintilla rule were to govern as to this issue of not guilty by reason of insanity, then I think there was sufficient evidence here to invoke the scintilla rule. Hence, technically the directed verdict against insanity would have been, as a matter of formality, erroneous.

However, even assuming that the scintilla rule were to apply, then because of the paucity of evidence as to Johnson's abnormal conduct, I believe that no reasonable jury, had the issue of insanity been left with them under a proper charge as to the law of that defense, would have come to any other or different verdict from that which it reached in this case.

I must confess, however, that this is a statement of the harmless error rule found in jurisdictions other than ours, e. g., Mississippi and Utah.[1] Probably, under the cautious attitude of our Supreme Court, it leaves too much to the trial judge's discretion. This even though Code 1940, T. 15, § 389, is stricter than Supreme Court Rule 45.

---

1. Under Ex parte Foshee, 246 Ala. 604, 21 So.2d 827. I consider Supreme Court Rule 45 is invalid to the extent of its conflict with the statute, Code 1940, T. 15, § 389.
A sampling from the Southeastern states shows: Florida: F.S. Ch. 924.33; Cornelius v. State, 49 So.2d 332. Kentucky: Rule 61, "substantial justice." Louisiana: R.S. 15:557, "unless * * * miscarriage of justice." State v. Clifton, 247 La. 495, 172 So.2d 657, 659. Mississippi: Rule 11, 215 Miss. 601, "miscarriage of justice." Reed v. State, 237 Miss. 23, 112 So.2d 533, "An impartial jury * * * could not reach a different result." North Carolina: Cf. Civil case GSA § 1–165, § 1–297. State v. Hammonds, 241 N.C. 226, 85 S.E.2d 133. South Carolina: State v. Reggen, 214 S.C. 370, 52 S.E.2d 708. Tennessee: Tenn.Code Anno. 27–117, " * * * unless * * * the error * * * has affected the results of the trial." O'Brien v. State, 205 Tenn. 405, 326 S.W.2d 759. Virginia: Seems to retain the presumption of injury rule of Crease v. Barrett, 1 C. M. & R. 919 (see Maxwell, 89 Ala. 150, 7 So. 824). Joyner v. Commonwealth, 192 Va. 471, 65 S.E.2d 555.
See also Federal Cr.Proc., Rule 52: Vanderbilt, Minimum Standards of Judicial Administration, p. 559.

Therefore, I think it necessary to extend this discussion to show my reasons for believing that the scintilla rule does not apply as to the degree of proof required on the issue of the statutory plea of not guilty by reason of insanity.

## II.

After Parsons v. State, 81 Ala. 577, 2 So. 854 (hn. 4), wherein it was held that insanity "must be established to the satisfaction of the jury by a preponderance of the evidence," the Legislature, by Act 429, February 27, 1889, altered this statement of the degree of proof. Thus, Code 1940, T. 15, § 422, last sentence, taken from § 1 of Act 429, supra, provides:

"* * * The defense of insanity in all criminal prosecutions shall be *clearly* proved to the reasonable satisfaction of the jury." (Italics supplied.)

The word "clearly" to me means that the scintilla rule does not obtain under this statute. I find nothing in the opinion in Thomas v. State, 207 Ala. 244, 92 So. 244, to contradict this.

The opinion in Mizell v. State, 184 Ala. 16, 63 So. 1000, uses, in charge 1, "If, by a preponderance of the evidence, the jury are satisfied. * * *"

In Brown v. State, 33 Ala.App. 97, 31 So.2d 670, refusal of Charge A 6 (see 33 Ala.App. 100–101) was the basis for reversal in the Court of Appeals (see hn. 20). The Supreme Court, 249 Ala. 5, 31 So.2d 681 (hn. 4), perceiving a parenthetical expression, overruled Mizell v. State without an epitaph. See Farley v. State, 34 Ala. App. 54, 37 So.2d 434.

Neither Knight v. State, 273 Ala. 480, 142 So.2d 899, nor Walker v. State, 269 Ala. 555, 114 So.2d 402, seem to come to grips with the effect of the addition of the word "clearly" in § 422, supra, as to whether or not it supersedes the ordinary scintilla rule in civil cases where the degree of proof is to the reasonable satisfaction of the jury based upon a consideration of all the evidence.

There is one further philosophical difficulty which arises. We are here dealing with two aspects of the mental element of crime.

The aspect other than insanity comes under the issue of not guilty of an indictment of assault with intent to murder. This charge requires, as one of the elements which the prosecution must prove beyond a reasonable doubt, that Johnson intended to kill a rational human being with malice aforethought.

Malice aforethought is no mere cliche. It presupposes a competent mind capable of thinking, entertaining and retaining an evil disposition which would compass the death of another human being by a thought out act.

The period of time is unimportant. In the mechanics of establishing malice, the use of a deadly weapon can create the evidentiary presumption that all of the mental processes leading up to a "condition of malice aforethought" have occurred, unless the evidence itself refutes such a conclusion on the part of the trier of fact.

When a jury is told that there is no evidence of insanity, they may leap to the inference that there is evidence of that mental capacity which would (and did) entertain malice aforethought. Consequently, the trial judge's direction of such a verdict under § 422, supra, should also be usually accompanied by a cautionary instruction to the effect that, even so, the burden remains unvaryingly on the State to prove the defendant's guilt by the evidence beyond a reasonable doubt as to the commission of the central crime.