The defendant was indicted for the attempted murder of Lois Bray. A jury convicted him of assault in the first degree. Sentence was twenty years' imprisonment. Three issues are raised on appeal.
 I
On the night of January 23, 1982, the defendant shot and killed Betty Bray and shot and wounded her husband, Lois Bray, in one continuing criminal transaction. The murder case had the lower docket number, CC-82-29, followed by the attempted murder charge, CC-82-30. Both cases were scheduled for trial on the same day.
The defendant contends that he was prejudiced by having to defend the attempted murder charge first when defense counsel had prepared for and was expecting to try the murder case first. He argues that in the murder case the State would have had to call the toxicologist to establish the cause of death and the toxicologist's report would have established that the murder victim was highly intoxicated. There was no toxicology report on the victim of the attempted murder. The defendant argues that "(h)is reliance upon the order in which the cases were docketed caused his counsel to prepare his defense based upon evidence to have been elicited from the toxicologist."
In reply to the defendant's objection, the prosecutor stated that the toxicologist was unavailable to testify in the murder case on that particular day because of "two subpoenas to be in court at other places ahead of the subpoena that he got in the murder case that's on this docket for today." He also stated that "we would expect to call the same witnesses in the murder case as we would in this attempted murder case with the exception of the toxicologist and cause of death" and the ballistics expert.
The trial judge noted that the "facts are the same insofar as the events that occurred" and after listening to the arguments of defense counsel stated: "I still can't see that for them (the State) to choose to try the attempted murder case causes you any particular problem."
This issue was addressed in Chatom v. State, 360 So.2d 1068,1070 (Ala.Cr.App.), cert. denied, Ex parte Chatom,360 So.2d 1074 (Ala. 1978).
 "If the failure of the State to inform an accused, facing separate indictments, of the order in which they will be tried is to work a reversal, it can only do so where a proper and timely request has been made by defense counsel and the failure to inform or elect results in actual prejudice to the accused."
It is within the discretion of the trial court, or the prosecuting attorney, subject to the control of the court, to determine the order in which cases shall be tried. Williams v.State, 356 So.2d 216, 218 (Ala.Cr.App. 1977), cert. denied, Exparte Williams, 356 So.2d 219 (Ala. 1978).
Here, there was no timely request for an election. The record supports no finding of prejudice to the defendant and no abuse of the discretion of the trial judge in allowing the State to try the higher docket numbered case first.
 II
The trial judge's failure to charge on the lesser included offense of assault in the third degree is not properly preserved for review. Allen v. State, 414 So.2d 989
(Ala.Cr.App. 1981), cert. denied, Ex parte Allen, 414 So.2d 993
(Ala. 1982). The record does *Page 624 
not reveal that a "charge conference" was held. Although it does reflect that at the close of all the evidence a conference was held between the judge and the attorneys where "legal" and "procedural" matters were discussed, the content of that conference is not disclosed.
 III
The trial judge did not err in refusing to give the defendant's requested jury instruction on insanity.
The defendant testified that he "blacked out" after drinking Listerine and whiskey and simply did not remember what happened the night of the crime. He stated that he had been drinking for over fifty years, that he had a "problem" with drinking, and that he "usually blacked out" when he "drank too much." However, the defendant also testified that, before he began drinking on the day of the crime, he had not had anything to drink for a year.
Although excessive intoxication may produce insanity, Beasleyv. State, 50 Ala. 149 (1876); Harmon v. State, 23 Ala. App. 468,126 So. 896 (1930), "legal insanity does not embrace every kind of mental disease and disorder that renders a person not responsible for his acts." Brackin v. State, 417 So.2d 602, 604
(Ala.Cr.App. 1982). Alabama Code Section 13A-3-2 (d) specifically provides that "(i)ntoxication in itself does not constitute mental disease or defect within the meaning of Section 13A-3-1" defining the defense of insanity. Here, there was no evidence that the defendant was not criminally responsible for the alleged conduct as a result of a mental disease or defect.
Voluntary intoxication is no defense to a charge of assault and battery, unless the degree of intoxication amounts to insanity and renders the accused incapable of forming an intent to injure. Maddox v. State, 31 Ala. App. 332, 334, 17 So.2d 283
(1944). "Emotional insanity or temporary mania, usually due to causes such as intoxication, not associated with disease of the mind, does not constitute insanity." Johnson v. State,43 Ala. App. 224, 226, 187 So.2d 281 (1966). See also Beasley, supra; State v. Bullock, 13 Ala. 413 (1848). "(I)nsane conduct or mania resulting merely from present intoxication is not the insanity which excuses crime." James v. State, 193 Ala. 55,69 So. 569, 572 (1915). "Temporary insanity which arises from present voluntary intoxication is no defense to a criminal charge. . . . On the other hand, if the accused is suffering from a settled or fixed insanity, even though caused by long-continued alcoholic indulgence, the rule is the same as in the case of insanity arising from any other cause." 21 Am.Jur.2d Criminal Law Section 54 (1981). See also Annot. 8 A.L.R.3d 1236 (1966).
Here, there was no evidence that the defendant was suffering from any settled or fixed insanity. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.