(126 So. 872)

### TILLERY v. GULF REFINING CO.

#### 6 Div. 584.

Supreme Court of Alabama.

March 20, 1930.

E. L. Dodson, of Tuscaloosa, for appellant.

R. C. Price, of Tuscaloosa, for appellee.

SAYRE, J.

Statutory action of detinue by appellee against appellant for a Tokheim kerosene tank.

The tank had been leased from year to year to appellant, who used it in the sale of kerosene furnished by the Gulf Refining Company of Louisiana. Appellant had entered into a written agreement with his lessor that he would return the tank in the event he ceased to sell his lessor's product. He ceased to sell the product furnished or to be furnished by his lessor or its successor in business, and refused to surrender the tank to plaintiff, who claimed to have succeeded to the right and title of the lessor; hence this suit.

On the undisputed facts, appellant had no right to the possession of the tank as against the Gulf Refining Company of Louisiana. But the demand upon him for the tank was made by the Gulf Refining Company without affix, and the defense was that plaintiff had shown no right. A witness had been examined by interrogatories which were answered in Louisiana. The witness deposed that the Gulf Refining Company of Louisiana sold, on December 31, 1926, to the Gulf Refining Company, all its equipment used in the distribution of the products of the Gulf Re-

fining Company. The tank in suit was a part of such equipment. But the deposition, on appellant's motion, was suppressed. This action had been brought July 1, 1928. The undisputed proof was that appellant had ceased to sell Gulf Refining Company's product about three months before suit brought. So then the sole question at issue was whether appellee had adduced competent evidence to the effect that the appellee had succeeded to the rights of the Gulf Refining Company of Louisiana. This question was allowed to rest on the evidence adduced by appellee.

██ The single witness examined in the case testified that the property in question had been acquired by the plaintiff, Gulf Refining Company, from the Gulf Refining Company of Louisiana, and that he knew the fact of his own knowledge, and that the Gulf Refining Company had renewed the contract with defendant (appellant). The renewal, it seems, was not in writing. In a sense, the witness' statement concerning the lease of the tank from the Gulf Refining Company of Louisiana, the sale of the business of that company to the Gulf Refining Company, and the renewal of the relation between appellant and the latter company on the terms of the original contract, was the statement of a conclusion, or, as numerous cases in this jurisdiction and elsewhere (22 C. J. 528, note, where a multitude of cases is cited) refer to such evidence as a shorthand rendition of facts, and distinguished from mere gratuitous opinions or conjectures of the witness (Mobile, etc., R. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37), and was, subject to cross-examination, of course, admitted without error. Some such rule has been stated by all the courts, as reference to the cases cited in the note to 22 Corpus Juris, 528, will abundantly show, and some such rule is necessary in order to avoid the defeat of justice by the requirement of the statement, in some cases at least, of interminable constituent facts. Sovereign Camp v. Hoomes, 219 Ala. 560, 122 So. 686, 691. On this subject we quote the apt language of the Supreme Court of Iowa (Moyers v. Fogarty, 140 Iowa, 712, 713, 119 N. W. 159, 164), a case very closely in point in principle: "The rule which excludes testimony as to mere conclusions is both safe and salutary within its proper limitations; but, if carried to an extreme or literal interpretation, it would put the ban of incompetency upon all testimony, for every assertion of fact given by an alleged eyewitness is but the assertion of a conclusion drawn by him from the evidence of his senses, which may themselves be defective and create in his mind misleading impressions. Absolute knowledge is not, and never has been, the test of a witness' qualifications to speak upon a given subject"— citing 1 Wigmore on Evidence, § 550.

The conclusion aforestated as to the admissibility of evidence determines the result of this appeal.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.