30 So.2d 582

### FORD v. STATE.

6 Div. 409.

Court of Appeals of Alabama.
May 20, 1947.

liams, and was a continuous transaction throughout to its conclusion. Therefore, under the law, everything that was said or done in connection therewith constituted the res gestae. The trial court properly so held, thus rendering inapt the numerous insistences of error argued by appellant in this connection. The contentions of appellant to the contrary are wholly without merit and cannot be sustained. ·

■ The corpus delicti was clearly established by the evidence. Numerous witnesses testified they saw the defendant stab the deceased in the region of his heart with a large switch blade knife, and the evidence tends to show conclusively that he died a few minutes thereafter. These facts are without dispute or conflict. Slaughter v. State, 21 Ala.App. 211, 106 So. 891; Ray v. State, 248 Ala. 425, 27 So.2d 873; Rowe v. State, 243 Ala. 618, 11 So.2d 749.

■ The only evidence offered by the defendant was his own testimony. He made no denial of having inflicted the knife wound upon the deceased, but did insist (1) that it was accidentally done during a tussle with Mason, (2) that it was in self defense. The conflict in the evidence thus engendered, made questions for the jury to determine.

The indictment charged murder in the first degree, and the trial thereon resulted in the conviction of the defendant for murder in the second degree and the jury fixed his punishment at imprisonment in the penitentiary for twenty years.

We do not deem it necessary to here recite, or state the facts in full incident to the difficulty. It would engender an interminable effort, and could serve no good purpose.

Under the evidence as stated it was the prerogative of the jury to determine whether or not the death wound was the result of an accident, or whether or not it was done in self defense.

■■ The trial court delivered a most excellent oral charge to the jury. It was full, complete and fair in every way and every phase of the governing law was fully and explicitly stated. There was no phase of this case which entitled the defendant

Wm. Conway, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ The difficulty depicted by the evidence in this case which finally resulted in the death of William Henry Mason, the deceased named in the indictment, originated in the home of State witness James Wil-

to a directed verdict. Numerous requested charges were refused to defendant. There was no error in the action of the court in refusing said charges as a number of them failed to properly state the law. Those charges on the question of self defense failed to negative the defendant's freedom from fault in provoking or bringing on the difficulty; and the question of his duty to retreat, etc. Such charges, if any, that properly stated the law, were fairly and substantially covered by the oral charge, and the charges given at request of defendant.

As the law requires, Sec. 389, Title 15, Code of Alabama 1940, we have examined the entire record and have given attentive consideration to every exception reserved pending the trial. There appearing no ruling of the court calculated to injuriously affect the substantial rights of the defendant, the judgment of conviction, from which this appeal was taken, is due to be affirmed. It is so ordered.

Affirmed.