225 So.2d 875

**Eulice GRIFFIN**

v.

**STATE of Alabama.**

**5 Div. 846, 846–A.**

Supreme Court of Alabama.

Aug. 7, 1969.

.Russell, Raymon & Russell, Tuskegee, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant killed Robert Lee Snipes and George Tatum and was indicted for first degree murder in each case. He was found guilty of murder in the second degree in each case, and was sentenced to thirty-five years in the penitentiary in the Snipes case and twenty-five years in the Tatum case.

On arraignment in each case, appellant pleaded not guilty and not guilty by reason of insanity. His attorneys asked that appellant be examined as to his mental condition and the court appointed Dr. B. Blassingille, a psychiatrist and neurologist, who made a written report to the court dated October 31, 1966, that the appellant "is and was sane."

By agreement between the State and appellant, both cases were tried together resulting in verdicts and judgments noted supra. A motion for a new trial was overruled. On his own motion, appellant was declared to be indigent and a free transcript was ordered. The same attorneys he had chosen for his trial also represented appellant on this appeal.

For a general summary of the facts, we quote from appellant's brief:

"It is without dispute that Appellant shot and killed both Robert Lee Snipes and George Tatum in Macon County, Alabama, at Creek Stand, on a night in August, 1966; however, the Appellant contends that he was justified in killing Robert Lee Snipes and George Tatum because he was acting in defense of himself and his daughter. The Appellant also contends that he was insane at the time of these killings.

"The evidence is also without dispute that the Appellant, accompanied by his thirteen-year-old daughter, Gloria Griffin drove his automobile into the yard of the deceased, George Tatum, and proceeded to drive his car through the crops, pasture and pasture fence of George Tatum many times before the car became stuck in George Tatum's field and that Appellant and his daughter later encountered George Tatum and Robert Lee Snipes on a paved road in Macon County, some distance from George Tatum's house, where the shooting occurred.

"The only eye witnesses to the difficulty were the Appellant, and his daughter, Gloria Griffin. Leona Tatum, the widow of George Tatum, testified to occurrences immediately before the difficulty and immediately after. The State's other witnesses were persons and officer who arrived at the scene of the difficulty after the killing had occurred and the State Toxocologist. The only evidence for the Appellant was his testimony and the testimony of his daughter, Gloria Griffin."

Appellant argues that the court erred in the following part of the oral charge, to which exception was taken:

" * * * Gentlemen of the Jury, the Court is going to charge you that if you believe the evidence in this case you can not find this defendant not guilty by reason of insanity because the Court is of the opinion and judgment that there is no evidence in this case of this defendant's insanity. A person is presumed to be sane unless he is proven to the contrary. So, Gentlemen of the Jury, you do not consider his plea of insanity, not guilty by reason of insanity. * * * "

Appellant argues that his actions prior to and on the occasion of the shooting were not the actions of a normal man. He contends that the fact that he did not know the two men he shot, that he drove his automobile up and down Tatum's cotton field, pasture and other crops, that he drove through the fence four or five times, and that he went to sleep in the sheriff's car on the way to jail was more than a scintilla of proof that he was insane.

It is true that appellant had not known the men before that night, but he had had a fight with them earlier and knew them to be the same ones he had fought with at his mother-in-law's, and the jury could have inferred from the evidence that he was hunting trouble and had purposely armed himself.

■ Persons on trial for the commission of crimes are presumed sane and proof of the crime does not affect that presumption. The burden of proof is on the defendant to support his plea of insanity. Walker v. State, 269 Ala. 555, 114 So.2d 402.

■ Where there is no evidence to establish the plea of insanity, it is not reversible error for the trial court in its oral charge to instruct the jury to the effect that there is no evidence which would justify a finding of not guilty by reason of insanity. Knight v. State, 273 Ala. 480, 142 So.2d 899; Walker v. State, 269 Ala. 555, 114 So. 2d 402, and cases there cited. And whether or not there was any evidence to substantiate the plea of insanity was a question for the court. Knight v. State, supra.

We think the question of appellant's sleeping in the sheriff's car, laying aside the testimony of one of the officers that he was drunk, is answered in the following statement from Boswell v. State, 63 Ala. 307, 320:

"* * * So, to justify the inference of insanity from the calmness of manner, and indifference to consequences, which

sometimes mark the conduct of the manslayer, there should be convincing evidence of previous insanity, or insane delusions, so recent as, coupled with the causelessness of the killing, to raise the presumption that the paroxysm had not entirely passed away."

■ We agree that there was no evidence of insanity before the court, and the trial court did not err in giving the oral instruction to which exception was taken.

■ Appellant argues that the trial court erred in refusing to give written requested Charge 1, which reads:

"The Court charges the jury that if, after considering the evidence in this case, you have a reasonable doubt as to whether the killing was done in malice, then you cannot find the Defendant guilty of murder in either degree."

The court charged that malice was an element of both murder in the first and second degrees and defined it to the jury twice. There was no error in the refusal to give Charge 1 because it was adequately covered in the oral instructions. Tit. 7, § 273, Code 1940. Appellant cites Glass v. State, 201 Ala. 441, 78 So. 819, as authority for reversal, but this court specifically stated that the refusal to give Charge 9 (same as Charge 1 here) would save the cause from reversal because of the statute we have cited.

■ Appellant charges error in the refusal to give requested written Charge 4, which is a reasonable doubt charge. We think the question of reasonable doubt was adequately covered in the oral charge and that the trial court did not err in failing to give Charge 4. Tit. 7, § 273.

■ Appellant's requested Charge 15 was elliptical in that the word "imminent" was misspelled. The refusal of the charge may be justified for this reason. Fortner v. State, 12 Ala.App. 179, 67 So. 720.

Appellant's requested Charge 20 reads:

"I charge you, Gentlemen of the jury, that if you believe from the evidence that the deceased made a sudden unprovoked felonious attack upon Defendant, deceased at the time being armed with a deadly weapon and in the act of effectuating upon the Defendant his felonious purpose, then, I charge you, the Defendant was under no duty to retreat, but had the right to stand his ground and defend himself."

The use of the word "unprovoked," which was necessary to state a correct exception to the general rule of the duty to retreat as an essential element of self defense, was not applicable to the facts in the instant case, and the charge was properly refused.

Finally, appellant argues that the court erred in refusing requested written Charge 36. The history of this charge is discussed in Petty v. State, 40 Ala.App. 151, 110 So. 2d 319 (Charge 8 there) and will not be repeated here, but since we did not pass on Charge 8 on certiorari, Petty v. State, 269 Ala. 48, 110 So.2d 325, we approve that Justice Harwood, then Presiding Judge of the Court of Appeals, wrote in reference to the charge:

"In the first place, charge 8 omits all reference to duty to retreat. This omission would justify its refusal. King v. State, 233 Ala. 198, 171 So. 254; Danley v. State, 27 Ala.App. 402, 173 So. 648; Early v. State, 31 Ala.App. 488, 18 So.2d 873; Seekers v. State, 35 Ala.App. 40, 44 So.2d 628; Freeman v. State, 37 Ala. App. 623, 74 So.2d 513.

"Refusal of the charge is further justified by its omission of any reference to freedom from fault in bringing on the difficulty. Ford v. State, 33 Ala.App.

134, 30 So.2d 582; Cauley v. State, 33 Ala.App. 557, 36 So.2d 347; Coleman v. State, 37 Ala.App. 406, 69 So.2d 481.

"Further, the charge states an abstract principle of law, and is not based on the evidence, nor does it make any reference to the effect of the principle set forth to the issues in the case. It is never error to refuse an instruction in this form. Carroll v. State, 36 Ala.App. 59, 52 So.2d 171, and cases cited."

Although not raised by appellant, we note that there was no question that appellant killed Tatum and Snipes. He told Tatum's wife that he killed them. On cross-examination of Policeman E. B. Forehand, a witness for the State, appellant brought out the fact that Forehand asked appellant if he shot the two men, that appellant answered, "Yes, sir," and when Forehand asked where the gun he shot them with was, he said, "Here it is," and he pulled it out of his waist and gave it to Forehand, and that appellant also said, "They were double teaming on me and trying to get my daughter away from me and I killed them." Appellant also testified in his own behalf and stated that he shot them with his pistol. The only evidence initially adduced by the State relating to his admission that he killed the men was that of Tatum's widow, who, after hearing some shots, went to the scene of the shooting and asked appellant if he had killed Tatum and he said that he did and also said, "I'll kill you."

We find no reversible error in the record and the judgments in both cases are affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.