277 So.2d 104

**David Lee MILES, alias**

**v.**

**STATE.**

**5 Div. 89.**

Court of Criminal Appeals of Alabama.

Feb. 20, 1973.

Rehearing Denied March 20, 1973.

Samford, Torbert, Denson & Horsley, Opelika, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

**71**

HARRIS, Judge.

Appellant appeals from a conviction in the Circuit Court of Lee County for the offense denounced by Title 14, Section 374(20), Code of Alabama 1940, as last amended. This section is as follows:

"Assault with deadly instrument upon peace officer in performance of his duties.—Whenever any peace officer or other law-enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault with a deadly instrument upon such officer, and any person guilty of such assault with a deadly instrument shall be guilty of a felony, and upon conviction shall be imprisoned in the penitentiary for not less than two years nor more than twenty years. (1967, p. 1600, § 3, appvd. Sept. 8, 1967."

This was a two (2) count indictment. Count two charged appellant with assault with intent to murder the same officer. At the beginning of the trial, appellant's counsel moved the court to require the district attorney to elect which count he would proceed on. The court put him to an election whereupon the state moved to strike count two (2) and the motion was granted.

Appellant interposed two pleas to the indictment, (1) not guilty and (2) not guilty by reason of insanity. At the conclusion of the case, the court *ex mero motu* charged out the plea of insanity as a defense to which court action appellant reserved an exception.

On September 4, 1971, around 11:00 P. M. one B. Clay Dudley was returning to his home located at or near the intersection of U.S. Highway 80 and County road 37, in Lee County, met appellant riding one of Dudley's horses. Dudley asked him if he was having any trouble to which appellant replied that Dudley "was going to have plenty of trouble". Appellant then jumped off the horse and ran across a field in the direction of Dudley's home. When he got to the front door, he broke the door in and entered the house. Immediately after appellant broke into the house, Dudley, who had stopped at a neighbor's house, could hear glass being broken in his home. He used his neighbor's telephone and called the sheriff's department in Opelika to report the incident. Dudley then heard shotgun blasts coming from the direction of his home and he called the sheriff's office the second time to report they were being fired on. Dudley had a 12 gauge Winchester model shotgun and a 22 caliber pistol in his home when appellant broke into and entered the house. Deputy Sheriff Jack Walton arrived shortly thereafter and turned into the driveway leading to Dudley's home. A gun battle followed in which appellant alternately used the shotgun and the pistol in shooting at the deputy. Walton made known to appellant that he was an officer of the law and demanded that he come out of the house. Appellant invited the officer to come and get him. The deputy radioed for more help. There was more shooting from the house and the deputy returned the fire. Other officers soon arrived to assist Deputy Walton and the shooting continued. Walton was not hit though he was pinned down by gun fire. Appellant was wounded during the gun battle and surrendered.

After appellant surrendered, he was carried to the hospital by Walton. Deputy Jerry Powell entered Dudley's home and got the shotgun and pistol. They were introduced in evidence without objections. Powell took photographs inside the house showing the locations of the shotgun and

pistols. These, too, were admitted in evidence without objections.

When appellant was removed from his home, Dudley went in and observed the interior damage. He found that all entrance doors had bullet holes in them, several screens were ruined, and three windows were shot out and glass, empty shotgun shells and 22 caliber hulls covered the floors.

Appellant was the only witness for the defense. According to his testimony he recalled meeting Mr. Dudley and telling him his horses had gotten out and he was taking them back home; that Mr. Dudley told him he would be at his house in just a few minutes, but he did not come. He denied making the statement that you (Dudley) "are going to have plenty of trouble". From the time appellant arrived at the Dudley home, he had total amnesia as to all subsequent events until he was shot except that he remembers Deputy Sheriff Walton arriving in the official car with the blue light on. He doesn't remember breaking the door in and entering the Dudley home, nor does he remember shooting the shotgun or pistol. He denied that he had anything to drink and had used no drugs except he had one aspirin earlier in the afternoon. He claims that his complete amnesia sustained his special plea of not guilty by reason of insanity.

Appellant contends that the issue of insanity, *vel non*, should have been decided by the jury, and the trial court erred to reversal when it took the matter from the jury. He urges that the scintilla rule should be applied in favor of a defendant in determining whether said defendant has met his burden of proof of establishing the defense of insanity to the reasonable satisfaction of the jury. This is the sole issue presented on this appeal.

■ Where there is no evidence to establish the plea of insanity, it is not reversible error for the trial court to take that issue from the jury. Walker v. State,

269 Ala. 555, 114 So.2d 402; Knight v. State, 273 Ala. 480, 142 So.2d 899; Griffin v. State, 284 Ala. 472, 225 So.2d 875.

The scintilla rule was alluded to, but not approved, in Johnson v. State, 43 Ala.App. 224, 187 So.2d 281.

■ In this case there is not a scintilla of evidence, not even a tittle, glimmer or thread, tending to show that appellant had a diseased mind within the purview of Parsons v. State, 81 Ala. 577, 2 So. 854. He was caught red handed and the only defense he could conjure up was amnesia and that simply did not work.

We find no reversible error in the record and the case is due to be affirmed.

Affirmed.

All the Judges concur.