277 So.2d 107

**David Lee MILES, alias**

v.

**STATE.**

**5 Div. 88.**

Court of Criminal Appeals of Alabama.

March 13, 1973.

Rehearing Denied April 3, 1973.

Samford, Torbert, Denson & Horsley, Opelika, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of second degree burglary and his punishment fixed at ten (10) years imprisonment in the penitentiary. He was represented in the court below by able counsel appointed by the court who represents him on this appeal.

The facts leading up to and culminating in appellant's arrest in this case are set forth in another case growing out of the same transaction and are here adopted by reference. See Miles v. State, 50 Ala.App. 70, 277 So.2d 104, decided February 20, 1973.

At arraignment appellant interposed a plea of not guilty and at trial the court allowed the special plea of not guilty by reason of insanity to be added.

There is no question as to the guilt *vel non* of appellant of the charge laid in the indictment. The sole issue presented on this appeal on which reversal is predicated is the action of the trial judge in excluding from the jury the testimony tending to support the special plea of insanity. Appellant reserved an exception to that portion of the oral charge taking that issue from the jury and is as follows:

"Now, when this indictment was filed in this Court, this defendant over here, with his lawyers, as he had a right to do, filed in this Court two pleas; a plea of Not Guilty and a plea of Not Guilty by Reason of Insanity. The Court is charging out the plea of Not Guilty by Reason

of Insanity because this Court is of the conscientious opinion that there is no evidence in this case whatsoever of insanity of this defendant. Well, after the Court charges out the plea of Not Guilty by Reason of Insanity, and charges you not to consider that as a defense, that leaves, however, his plea of Not Guilty. * * * "

The only semblance of testimony even remotely touching on any abnormalities affecting appellant on the night in question tended to show that after consuming one or two cans of beer, smoking one or two cigarettes, (he did not know what kind), he acted wild, acted funny, was confused, and just "wasn't in his mind". Appellant's brother claimed that the cigarettes were reefers (marihuana). Appellant testified that he could not remember or recall any of the events of the night from the time he met Mr. Dudley on the road on the night of September 4, 1971, until he was shot and wounded sometime after midnight. He had total amnesia as to breaking and entering the Dudley home, and using the owner's shotgun and pistol to shoot up the furniture, television set, doors, floors, walls, screens, all glassware, and generally to destroy the premises. He denied any knowledge of shooting at the officers though he fired round after round from a twelve (12) gauge shotgun and a pistol with the officers returning like fire. Empty shotgun shells and pistol cartridge hulls were scattered throughout the house.

What we said in Miles v. State, supra, is in all respects applicable here and disposes of this appeal:

"Appellant contends that the issue of insanity, *vel non*, should have been decided by the jury, and the trial court erred to reversal when it took the matter from the jury. He urges that the scintilla rule should be applied in favor of a defendant in determining whether said defendant has met his burden of proof of establishing the defense of insanity to the reasonable satisfaction of the jury. This is the sole issue presented on this appeal.

"Where there is no evidence to establish the plea of insanity, it is not reversible error for the trial court to take that issue from the jury. Walker v. State, 269 Ala. 555, 114 So.2d 402; Knight v. State, 273 Ala. 480, 142 So.2d 899; Griffin v. State, 284 Ala. 472, 225 So.2d 875.

"The scintilla rule was alluded to, but not approved, in Johnson v. State, 43 Ala.App. 224, 187 So.2d 281.

"In this case there is not a scintilla of evidence, not even a tittle, glimmer or thread, tending to show that appellant had a diseased mind within the purview of Parsons v. State, 81 Ala. 577, 2 So. 854. He was caught red handed and the only defense he could conjure up was amnesia and that simply did not work.

"We find no reversible error in the record and the case is due to be affirmed.

"Affirmed."

This case is also affirmed.

Affirmed.

All the Judges concur.